# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **BRIAN GARRETT #1545241** | § | |
| | § | |
| **V.** | § | **A-09-CA-521-SS** |
| | § | |
| **J. SIMANK** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To: The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint (Document No. 1) and Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Alternative Motion for More Definite Statement (Document No. 8). Plaintiff did not file a response thereto. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 28 U.S.C. § 1983, Plaintiff was confined in the Goodman Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. According to Plaintiff, he was previously confined in the Travis County Correctional Complex ("TCCC") in Del Valle, Texas. Plaintiff alleges on August 28, 2008, he and another inmate fought during recreation on the basketball court at the TCCC. Plaintiff alleges Officer Simank ran out to the fight and told Plaintiff and the other offender to go back into the dorm. Plaintiff asserts the other offender was walking backwards, so Plaintiff put up his guard. As a result, Officer Simank allegedly

grabbed Plaintiff from behind, and the other inmate hit Plaintiff in the right eye. According to Plaintiff, this caused him to lose the sight in his right eye. Plaintiff sues Officer Simank for monetary damages.

Defendant Simank moves to dismiss Plaintiff's complaint for failure to state a claim and asserts his entitlement to qualified immunity. Alternatively, he requests the Court to order Plaintiff to file a more definite statement.

DISCUSSION AND ANALYSIS

A. Standard Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161 (1993); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." Bell Atlantic v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1965-66 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., 550 U.S. at 570, 127 S. Ct. at 1974. The Supreme Court has recently made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937,

1949 (2009). The standard is properly guided by "[t]wo working principles." Id. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949-50. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, in considering a motion to dismiss the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged-but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Even after Twombly, though, courts remain obligated to construe a pro se complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (reiterating long-standing rule that documents filed pro se are to be construed liberally).

B. Qualified Immunity

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). Immunity in this sense means immunity from suit, not merely from liability. Jackson v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992). "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995).

3

To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. Waltman v. Payne, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted). To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations." Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991).

For several years, the Supreme Court required that the first of these criteria-whether plaintiffs' facts allege a constitutional violation-must be decided at the outset. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). Recently, however, the Court reversed course, holding that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, --- U.S. ----, 129 S. Ct. 808 (2009).

The Constitution affords pretrial detainees "protection against injury at the hands of other inmates." Johnston v. Lucas, 786 F.2d 1254, 1259 (5th Cir.1986). To establish his failure-to-protect claim, Plaintiff must show that he was detained "under conditions posing a substantial risk of serious harm and that [the defendant was] deliberately indifferent to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995); see also Edwards v. Johnson, 209 F.3d 772, 778 (5th Cir. 2000); Hare v. City of Corinth, Miss., 74 F.3d 633, 639 (5th Cir. 1996) (en banc). For an official to act with deliberate indifference, he "must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994). Allegations, which rise only to the level of mere negligence, at best, are not sufficient to state a failure-to-protect claim. Id.; see also

4

Neals, 59 F.3d at 533 (concluding that allegations amounting to a claim of negligence in the failure-to-protect context did not raise a non-frivolous constitutional claim).

In this case Plaintiff has failed to allege sufficient facts to demonstrate a constitutional violation. Plaintiff admits he was involved in a fight with another inmate and he assumed a fighting stance after being ordered to return to the dorm. By Plaintiff's own admission Officer Simank was attempting to restore order when the other inmate punched Plaintiff in the face. At most, Plaintiff's allegations rise to the level of negligence and are insufficient to state a constitutional claim.

C.    Travis County Liability

Plaintiff's claims brought against Officer Simank are the same as claims against Travis County. A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. Id; Collins v. City of Harker Heights, Tex., 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115, 112 S. Ct. 1061 (1992). Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. Bennett v. City of Slidell, 728 F.2d 762, 768 (5th Cir. 1984), cert. denied, 472 U.S. 1016, 105 S. Ct. 3476 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy."

Pembaur v. Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299 (1986). Plaintiff failed to identify a policy, practice or custom of Travis County that caused a deprivation of his constitutional rights.

## RECOMMENDATION

It is therefore recommended that Defendant's Motion to Dismiss be granted and his Alternative Motion for More Definite Statement be dismissed. Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 should be dismissed without prejudice.

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of October, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE