IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BRIAN GARRETT #1545241,
                **Plaintiff,**

-vs-                                                          Case No. A-09-CA-521-SS

J. SIMANK,
                **Defendant.**

## <u>O R D E R</u>

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Brian Garrett ("Garrett")'s Complaint [# 1], Defendant Johnny Simank ("Simank")'s Motion to Dismiss [#8], the Report and Recommendation of the Magistrate Judge [#17], and Garrett's objections thereto [#19].

All matters in this case were referred to the Honorable Andrew Austin, United States Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended, effective December 1, 2002. On October 1, 2009, the Magistrate Judge issued his report and recommendation that Simank's Motion to Dismiss be granted and Garrett's complaint be dismissed without prejudice for failure to state a claim. Plaintiff filed written objections to the Magistrate's report and recommendation on October 13, 2009, and thus the Court reviews the Magistrate Judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."). Having reviewed the complaint, the report and recommendation, the objections, the applicable law, and the case file as a whole, the Court ACCEPTS the Magistrate Judge's report and recommendation.

**Background**

At the time he filed his complaint under 28 U.S.C. § 1983, Garrett was confined in Jasper, Texas at the Goodman Unit of the Texas Department of Criminal Justice-Correctional Institutions Division. Pl. Compl. at 3. Garrett indicates he was previously confined in the Travis County Correctional Complex ("TCCC") in Del Valle, Texas. *Id.* at 4. Garrett claims on August 28, 2008, he and another inmate had a fight at TCCC on the basketball court during recreation time. *Id.* Garrett claims Officer Simank ran out to break up the fight and told both Garrett and the other inmate to return to the dorms. *Id.* Garrett indicates the other inmate was walking away, but backwards, so Garrett maintained a fighting posture in order to protect himself. *Id.* As a result of Garrett's stance, Officer Simank grabbed Garrett from behind and as he was doing so, the other inmate struck Garrett in the right eye. *Id.* According to Garrett, this has caused him to lose sight in his right eye. *Id.*

Garrett brought this suit against Simank and Travis County for monetary damages. Simank moved to dismiss the complaint for failure to state a claim, asserting his entitlement to qualified immunity.

**Analysis**

**I.      Standard for Motion to Dismiss Under Rule 12(b)(6)**

In deciding whether to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the Court must take the factual allegations as true, resolving any

ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Mere legal conclusions, however, are not entitled of the presumption of truth—they must be supported by factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* The Supreme Court has explained "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S. Ct. at 1949. A complaint that "tenders naked assertions devoid of further factual enhancement," or puts forth "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* (internal citations omitted). Dismissal is appropriate where the complaint is devoid of facts to establish any one of the required elements of the claim asserted. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

**II.     Qualified Immunity**

Simank raises the defense of qualified immunity to the claims brought against him under § 1983. Once a public official raises the defense of qualified immunity, the burden rests on the plaintiff to rebut it. *See Zarnow v. City of Wichita Falls, Texas*, 500 F.3d 401, 407 (5th Cir. 2007) (citing *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997)). The qualified immunity doctrine

shields government officials from suit in their individual capacity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In this case, Garrett has failed to plead any facts connecting Simank with any alleged constitutional deprivation, as is required under the Fifth Circuit's pleading standards for individual liability claims under § 1983. *Schultea v. Wood*, 47 F.3d 1427, 1429-30 (5th Cir. 1995).

To determine whether an officer is entitled to qualified immunity, the Court must undertake a two-pronged analysis. *Pearson v. Callahan*, 129 S.Ct. 808, 815-16 (2009). The Court must discern whether the plaintiff's allegations, if true, establish a constitutional violation. *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The Court must also decide whether the defendant's actions violated a clearly established right. *Id.*

Inmates have an Eighth Amendment right to be protected from "injury at the hands of other inmates." *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986). However, in order to establish a claim for failure to protect against Simank, Garrett must show he was detained "under conditions posing a substantial risk of serious harm and that [the defendant was] deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

In this case, Garrett's allegations are insufficient to state a claim because even if they are true, they do not establish a constitutional violation. Garrett admits he and another inmate were engaged in a fight on the basketball court and Simank ran over to break up the fight. Pl. Compl. at 4. Garrett admits he remained in a fighting posture even as the other inmate was backing away. *Id.* At that point, Simank approached Garrett from behind holding his arms back, and during that time the other inmate was able to punch Garrett in the face. *Id.* Garrett never alleges that there was any ill will on

Simank's part or that it was ever Simank's intention for Garrett to be hurt. As Garrett's claims make clear, Simank was attempting to break up the fight between the two inmates. *Id.* It may not have been the best or most prudent action to attempt to single-handedly break up a fight between two inmates, but it is certainly not clearly unconstitutional conduct.

### III.     Claims against Travis County

To the extent Garrett intends to bring any claims against Travis County, his complaint fails to state a claim. A political subdivision cannot be held responsible for a deprivation of constitutional rights merely because it employs a tortfeasor. *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). The standard for holding a local government unit responsible under § 1983 requires a showing of some action pursuant to official policy resulting in the deprivation of a constitutional right. *Id.* While Garrett makes reference to "the procedure of handling such a situation" in his very brief objections, this is insufficient to identify any policy or procedure of Travis County causing a deprivation of his constitutional rights. Pl. Obj. at 1. Garrett makes no allegation there is a policy of restraining one prisoner while breaking up a fight, he merely alleges Simank did so in this instance. This is insufficient to state a claim against Travis County.

### Conclusion

In accordance with the foregoing:

    IT IS ORDERED that the Report and Recommendation of the Magistrate Judge [#17] is ACCEPTED;

    IT IS FURTHER ORDERED that Defendant Johnny Simank's Motion to Dismiss is GRANTED;

IT IS FURTHER ORDERED that Plaintiff Brian Garrett's Complaint [#1] is DISMISSED WITH PREJUDICE as to his claims against Defendant J. Simank and DISMISSED WITHOUT PREJUDICE as to his claims against Defendant Travis County.

IT IS FINALLY ORDERED that all other pending motions are DISMISSED AS MOOT.

SIGNED this the 30th day of November 2009.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE

✓